IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| JAMES HARTRIDGE, individually and on behalf of all others similarly situated, | § | CIVIL ACTION NO. 1:26-cv-02057 |
| *Plaintiffs,* | § | |
| v. | § | COLLECTIVE ACTION |
| CIVIL LOGISTICS LLC, | § | |
| *Defendant.* | § | JURY TRIAL DEMANDED |

**INDIVIDUAL AND COLLECTIVE ACTION COMPLAINT**
**UNDER THE FAIR LABOR STANDARDS ACT**

## I. NATURE OF THE ACTION

1. Plaintiff James Hartridge, individually and on behalf of all others similarly situated (collectively, "Plaintiffs") brings this civil action against Defendant Civil Logistics LLC ("Defendant") pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA") on behalf of themselves and on behalf of all others similarly situated, to recover unpaid back wages, an additional equal amount as liquidated damages, attorneys' fees and costs, and pre- and post-judgment interest.

2. Plaintiffs and all others similarly situated were paid an hourly rate with no additional compensation for overtime on hours worked on the Hermits Peak FEMA PA-TAC project in excess of forty (40) hours in a workweek.

3. Plaintiffs seek certification of this suit as a collective action on behalf of all employees and misclassified independent contractors of Defendant who worked for Defendant on the Hermits Peak FEMA PA-TAC project and were paid on an hourly basis without receiving overtime compensation (collectively referred to as the "Similarly Situated Misclassified Contractors").

## II. PARTIES

4. Plaintiff James Hartridge was employed by Defendant on an hourly basis and was not paid premium rate overtime compensation.

5. Defendant Civil Logistics LLC is a limited liability company formed under the laws of Texas, with its principal office located at 541 Spike Buck Run, Canyon Lake, Texas 78133. Defendant is an unregistered foreign entity doing business in New Mexico and may be served through any officer located at its principal office, 541 Spike Buck Run, Canyon Lake, Texas 78133 or residence. Defendant employed Plaintiffs and the Similarly Situated Misclassified Contractors pursuant to the FLSA.

## III. JURISDICTION AND VENUE

6. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under the FLSA.

7. The Court also has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367, as those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claims occurred in the District of New Mexico, including Plaintiffs' and the Similarly Situated Misclassified Contractors' work for Defendant in New Mexico.

## IV. ENTERPRISE FLSA COVERAGE

9. At all relevant times, Defendant was engaged in related activities performed through unified operation or common control for a common business purpose; have employees engaged in interstate commerce or in the production of goods or services for interstate commerce, or employees handling, receiving, selling or otherwise working on goods or material that have been moved in or produced for interstate commerce; and have an annual gross volume of sales made or business done of not less than $500,000. Defendant, therefore, constitutes an enterprise engaged in interstate commerce or in the production of goods or services for interstate commerce within the meaning of the FLSA (29 U.S.C. § 203(r) & (s)).

10. In addition, in connection with their employment with Defendant, Plaintiffs and the Similarly Situated Misclassified Contractors engaged in interstate commerce within the meaning of the FLSA (29 U.S.C. §§ 206(a) & 207(a)(1)).

## V. BACKGROUND AND STATEMENT OF CLAIMS

11. There is a collective of other employees and misclassified independent contractors who performed work similar to Plaintiffs and were subject to the same illegal pay practices.

### A. Plaintiffs and the Similarly Situated Misclassified Contractors are misclassified as 1099 independent contractors by Defendant but are employees pursuant to the FLSA.

12. Defendant engaged Plaintiffs and the Similarly Situated Misclassified Contractors as independent contractors.

13. Defendant hired Plaintiffs and the Similarly Situated Misclassified Contractors and supervised their work.

14. Defendant supervised and directed Plaintiffs and the Similarly Situated Misclassified Contractors work.

15. Plaintiffs and the Similarly Situated Misclassified Contractors were required by Defendant to comply with instruction about when and how their work was to be performed.

16. Plaintiffs and the Similarly Situated Misclassified Contractors were required by Defendant to follow written and unwritten company policies and guidelines.

17. Plaintiffs and the Similarly Situated Misclassified Contractors were required by Defendant to use company-provided templates, checklists, forms, reporting formats, etc.

18. Plaintiffs and the Similarly Situated Misclassified Contractors were required by Defendant to attend mandatory trainings, orientations, and refresher sessions regarding performance of their work.

19. Plaintiffs and the Similarly Situated Misclassified Contractors were required to obtain approval from Defendant to accept, reject, or settle insurance claims.

20. Defendant regularly reversed, modified, or rejected decisions made by Plaintiffs and the Similarly Situated Misclassified Contractors.

21. Plaintiffs and the Similarly Situated Misclassified Contractors were required to seek approval from their supervisor(s) when they were requesting time off or were going to be absent all or part of a workday.

22. The services provided by Plaintiffs and the Similarly Situated Misclassified Contractors were integrated into Defendant's business operations.

23. All services provided for Defendant by Plaintiffs and the Similarly Situated Misclassified Contractors were required by Defendant to be performed by them personally.

24. Plaintiffs and the Similarly Situated Misclassified Contractors did not have the capability or authority to hire, supervise, or pay assistants to help them perform the services they were paid to perform for Defendant.

25. The relationship between Defendant and Plaintiffs (and the Similarly Situated Misclassified Contractors) was a continuing relationship.

26. Defendant set all days and hours of work for Plaintiffs and the Similarly Situated Misclassified Contractors.

27. Plaintiffs and the Similarly Situated Misclassified Contractors were prohibited from setting their own work schedule and were punished for missing work.

28. Plaintiffs and the Similarly Situated Misclassified Contractors were required by Defendant to devote their full time to their positions with Defendant and were prohibited from working for competitors or otherwise.

29. Defendant monitored and evaluated Plaintiffs' and the Similarly Situated Misclassified Contractors' performance for productivity and company compliance.

30. Defendant provided Plaintiffs and the Similarly Situated Misclassified Contractors all materials and equipment to perform their work.

31. Plaintiffs and the Similarly Situated Misclassified Contractors had no opportunity to augment their profit or a loss in the way a business owner would other than their nonguaranteed wages.

32. The work of the Plaintiffs and the Similarly Situated Misclassified contractors required them to be on duty 10 hours a day at specific times 6 days a week.

33. Plaintiffs and the Similarly Situated Misclassified Contractors did not and were not able to make their services available to the general public.

34. Plaintiffs and the Similarly Situated Misclassified Contractors were subject to termination for reasons other than nonperformance of contract specifications, including but not limited to, excessive tardiness and excessive requests for time off.

35. Plaintiffs and the Similarly Situated Misclassified Contractors were able to terminate their relationship with Defendant without incurring liability for failure to complete a job.

36. Plaintiffs and the Similarly Situated Misclassified Contractors were eligible to be named "Employee of the Month" by the Federal Emergency Management Agency ("FEMA").

37. Plaintiffs and the Similarly Situated Misclassified Contractors were, therefore, employees of Defendant, not independent contractors.

B. Plaintiffs and the Similarly Situated Misclassified Contractors were paid on an hourly basis without an overtime premium.

38. Plaintiffs and the Similarly Situated Misclassified Contractors worked on the Hermits Peak FEMA PA-TAC project in New Mexico during their employment.

39. Defendant did not provide Plaintiffs and the Similarly Situated Misclassified Contractors with one (1) hour of sick leave for every thirty (30) hours worked.

40. Defendant did not provide Plaintiffs and the Similarly Situated Misclassified Contractors with any sick leave.

41. Plaintiffs and the Similarly Situated Misclassified Contractors were paid an hourly rate with no overtime compensation on hours worked in excess of forty (40) hours in a workweek.

42. Defendant paid Plaintiffs and the Similarly Situated Misclassified Contractors straight time for all hours worked, even if Plaintiffs and the Similarly Situated Misclassified Contractors worked over forty (40) hours in a workweek.

43. No employee or misclassified independent contractor of Defendant working on the Hermits Peak FEMA PA-TAC project received overtime compensation.

44. Plaintiffs and the Similarly Situated Misclassified Contractors were not paid on a salary basis.

45. Defendant knew it was required by the FLSA to pay Plaintiffs and the Similarly Situated Misclassified Contractors one and one-half times their regular rate of pay for hours in excess of forty (40) hours in a workweek.

46. Defendant willfully failed to pay Plaintiffs and the Similarly Situated Misclassified Contractors any overtime.

47. Defendant's failure to pay overtime is a violation of the FLSA.

## VI. COLLECTIVE ACTION ALLEGATIONS

48. Plaintiffs hereby adopt and incorporate by reference all of the foregoing paragraphs, allegations, and exhibits as if set forth herein.

49. There is a collective of other employees and misclassified independent contractors who were subject to the same illegal pay practices of not receiving overtime compensation. Plaintiffs seek certification of this suit as a collective action and request that the following collective be conditionally certified:

> **All current and former employees and misclassified independent contractors of Defendant who worked for Defendant on the Hermits Peak FEMA PA-TAC project and were paid on an hourly basis without receiving overtime compensation.**

50. Plaintiffs and the Similarly Situated Misclassified Contractors were paid under an invalid non-guaranteed hourly rate system, without any compensation for overtime worked, thus requiring overtime due at a rate of an additional one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours in each workweek.

51. Plaintiffs and the Similarly Situated Misclassified Contractors were not guaranteed any specific number of paid days in any workweek and they were not paid on a salary basis.

52. Plaintiffs and the Similarly Situated Misclassified Contractors have consistently worked more than forty (40) hours in most workweeks for the past three (3) years.

53. Plaintiffs and the Similarly Situated Misclassified Contractors are entitled to payment of overtime at the rate of one and one-half times their regular rate of pay for the time period of approximately February 2023 to the present.

54. Defendant has violated 29 U.S.C. § 207 of the FLSA by failing to pay Plaintiffs and the Similarly Situated Misclassified Contractors overtime compensation required by the FLSA in workweeks in which they worked in excess of forty (40) hours.

55. Defendant's violations have been willful.

56. There are questions of law and fact common to the collective.

57. The claims or defenses of the Plaintiffs are typical of the claims or defenses of the collective.

58. Plaintiffs will fairly and adequately protect the interests of the collective.

59. Counsel for Plaintiffs, The Parzivand Law Firm PLLC, is knowledgeable and experienced in the field of employment law (specifically including overtime claims under the FLSA), collective actions and complex litigation, and can and will fairly and competently represent the interests of all collective members.

60. Counsel for Plaintiffs has and will commit the human and financial resources necessary to represent the collective.

61. Plaintiffs' written consents to this action are attached hereto as Exhibit 1. and incorporated by reference.

**CAUSE OF ACTION:**
**UNPAID OVERTIME – FAIR LABOR STANDARDS ACT (FLSA)**
**INDIVIDUAL AND COLLECTIVE ACTION**

62. Plaintiffs hereby adopt and incorporate by reference all of the foregoing paragraphs, allegations, and exhibits as if set forth herein.

63. Plaintiffs regularly worked more than forty (40) hours in a workweek during the relevant period, as did the Similarly Situated Misclassified Contractors, and Defendant knew or should have known of the overtime hours worked.

64. Defendant failed to pay Plaintiffs and the Similarly Situated Misclassified Contractors overtime compensation at a rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) per workweek, in violation of 29 U.S.C. § 207(a)(1).

65. As a result of Defendant's willful violations under the FLSA, Plaintiffs and the Similarly Situated Misclassified Contractors suffered damages in the form of unpaid overtime wages and are entitled to recover unpaid wages, liquidated damages, interest, attorneys' fees, and costs, in an amount to be determined at trial.

66. Plaintiffs bring this claim on behalf of themselves and all others similarly situated who were subject to the same unlawful pay practices, as Defendant maintained a common policy or practice of failing to pay overtime.

## CAUSE OF ACTION: VIOLATION OF THE NEW MEXICO MINIMUM WAGE ACT

67. Plaintiffs hereby adopt and incorporate by reference all of the foregoing paragraphs, allegations, and exhibits as if set forth herein.

68. At all relevant times, Defendant was an "employer" within the meaning of the New Mexico Minimum Wage Act ("NMMWA") in that it employed one or more employees within the state of New Mexico.

69. Defendant violated the NMMWA by failing to pay Plaintiffs and the Similarly Situated Misclassified Contractors overtime compensation at one and one-half times the regular hourly rate for all hours worked in excess of forty (40) per week, as required by NMSA 1978, § 50-4-22.

70. As a result of Defendant's violations of the NMMWA, Plaintiffs and the Similarly Situated Misclassified Contractors suffered damages in the form of three times any unpaid sick time, statutory penalties, interest, attorneys' fees, and costs, in an amount to be determined at trial.

71. In addition, the statute provides for Plaintiffs to obtain actual damages or $500, whichever is greater for each misclassification of an employee as an independent contractor.

## CAUSE OF ACTION: VIOLATION OF THE NEW MEXICO HEALTHY WORKPLACES ACT

72. Plaintiffs hereby adopt and incorporate by reference all of the foregoing paragraphs, allegations, and exhibits as if set forth herein.

73. At all relevant times, Defendant was an "employer" within the meaning of the New Mexico Healthy Workplaces Act ("NMHWA") in that it employed one or more employees within the state of New Mexico.

74. Defendant violated the NMHWA by maintaining a policy and practice of not providing sick leave to Plaintiffs and the Similarly Situated Misclassified Contractors, and therefore failing to provide one (1) hour of sick leave per thirty (30) hours worked, as required by NMSA 1978, § 50-17-3(A).

75. Defendant further engaged in willful notice and recordkeeping violations of the NMHWA.

76. As a result of Defendant's violations of the NMHWA, Plaintiffs and the Similarly Situated Misclassified Contractors suffered damages in the form of earned and unpaid sick leave and are entitled to recover the value of the sick leave, liquidated damages, interest, statutory penalties, attorneys' fees, and costs, in an amount to be determined at trial.

## VII. JURY DEMAND

77. Plaintiffs demand a trial by jury and are paying the appropriate jury fee contemporaneously with the filing of this Complaint.

## VIII. PRAYER

Plaintiffs respectfully request that the Court:

1. Upon proper motion, enter an order certifying this suit as a collective action on behalf of all current and former employees and misclassified independent contractors of Defendant who worked for Defendant on the Hermits Peak FEMA PA-TAC project and were paid on an hourly basis without receiving overtime compensation, and that notice therefore be distributed to all putative collective members;

2. Declare that Defendant violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, by failing to pay overtime compensation to Plaintiffs and the Similarly Situated Misclassified Contractors for hours worked in excess of forty (40) per workweek.

3. Declare that Defendant violated the NMMWA, NMSA 1978, § 50-4-22, by failing to pay overtime compensation to Plaintiffs and the Similarly Situated Misclassified Contractors for hours worked in excess of forty (40) per workweek.

4. Award Plaintiffs and the Similarly Situated Misclassified Contractors unpaid overtime compensation in an amount to be determined at trial against Defendant, pursuant to 29 U.S.C. § 216(b) and NMSA 1978, § 50-4-26.

5. Award Plaintiffs and the Similarly Situated Misclassified Contractors three times earned and unpaid sick leave, three times wrongfully denied sick leave, actual damages for misclassification as an independent contractor, and statutory penalties in an amount to be determined at trial against Defendant, pursuant to NMSA 1978, § 50-17-11(A).

6. Award Plaintiffs and the Similarly Situated Misclassified Contractors an additional equal amount, or an additional double amount, as liquidated damages against Defendant, pursuant to 29 U.S.C. § 216(b) or NMSA 1978, § 50-4-26, respectively, whichever is greater.

7. Award Plaintiffs and the Similarly Situated Misclassified Contractors reasonable attorneys' fees, expert witness fees, and costs of suit as provided by 29 U.S.C. § 216(b), NMSA 1978, § 50-4-26.

8. Award Plaintiffs and the Similarly Situated Misclassified Contractors pre-judgment and post-judgment interest as permitted by law.

9. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ *Hessam Parzivand*
Hessam Parzivand
Texas Bar No. 24071157
Federal ID No. 1129776
Email: hp@parzfirm.com
T: (713) 533-8171

Travis Bryan
Texas Bar No. 24102826
Federal ID No. 3020169
Email: travis@parzfirm.com
T: (832) 233-7527

THE PARZIVAND LAW FIRM, PLLC
10701 Corporate Dr., Suite 185
Sugar Land, Texas 77477
F: (713) 533-8193

COUNSEL FOR PLAINTIFFS AND
ALL OTHERS SIMILARLY SITUATED